IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEITH LAMONT BURLEY, Jr., | ) Case No. 1:21-cv-300 |
| Petitioner | ) UNITED STATES MAGISTRATE JUDGE ) RICHARD A. LANZILLO |
| v. | ) MEMORANDUM OPINION ON ) PETITION FOR WRIT OF HABEAS |
| SUPERINTENDENT OBERLANDER, et al, | ) CORPUS |
| Respondents | ) ECF No. 6 |

I.  Introduction

Pending before the Court is the petition for a writ of habeas corpus filed by Petitioner Keith Lamont Burley, Jr. ("Petitioner") pursuant to 28 U.S.C. § 2241. ECF No. 6. For the reasons set forth below, Burley's petition will be denied and no certificate of appealability will issue.

II.  Factual background[1]

Petitioner is a state pretrial detainee, currently incarcerated in the Mercer County Jail while awaiting trial on homicide charges in the Court of Common Pleas of Lawrence County at Case No. 730 of 2019. Petitioner is represented by counsel in those proceedings.

A review of Petitioner's state court docket indicates that he was arrested on July 11, 2019, and his preliminary hearing was scheduled for July 18, 2019. Petitioner requested a continuance to secure counsel, moving his preliminary hearing to August 19, 2019. Petitioner's attorney later filed several motions to continue his trial.

---

[1] The following factual narrative is derived from the Petition [ECF No. 6], Respondents' Answer [ECF No. 25], and the public dockets for Petitioner's underlying criminal case currently pending in the Court of Common Pleas of Lawrence County.

1

Amid these state court proceedings, Petitioner filed the instant federal habeas petition under 28 U.S.C. § 2241 on July 19, 2021. ECF No. 6. He raises five claims:

1. Respondents transferred him to SCI-Forest in retaliation for prior protected conduct.

2. The presiding judge and the district attorney in his criminal case engaged in prosecutorial and judicial misconduct.

3. Petitioner was placed in a "batterers group" in prison in violation of his right to due process.

4. The Commonwealth violated Rule 600 of the Pennsylvania Rules of Criminal Procedure and deprived Petitioner of his Sixth Amendment right to a speedy trial.

5. The presiding judge in his state criminal case is not impartial.

ECF No. 6. Respondents filed an answer to the petition on May 23, 2022, arguing that the Court must dismiss the petition because Petitioner's claims are meritless and because he did not exhaust his state-court remedies with respect to any of his claims. Petitioner filed a reply on July 7, 2022, ECF No. 35, and an additional supporting brief on July 21, 2022. ECF No. 37. As such, this matter is ripe for adjudication.[2]

III.   Analysis

"For state prisoners, federal habeas corpus is substantially a post-conviction remedy." *Moore v. DeYoung*, 515 F.2d 437, 448 (3d Cir. 1975) (citing 28 U.S.C. § 2254 and *Peyton v. Rowe*, 391 U.S. 54 (1967)). As such, a prisoner may ordinarily seek federal habeas relief pursuant to 28 U.S.C. § 2254, the federal habeas statute applicable to state prisoners "in custody pursuant to the *judgment* of a State court," only after he has been convicted, sentenced, and has exhausted his

---

[2] The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge to conduct all proceedings in this case, including the entry of final judgment, as authorized by 28 U.S.C. § 636.

2

remedies in the state courts. 28 U.S.C. § 2254(a) (emphasis added); *see also, e.g., Coady v. Vaughn*, 251 F.3d 480, 484-86 (3d Cir. 2001).

While § 2254 applies to post-trial challenges, a state criminal defendant seeking relief *before* a state judgment has been rendered may proceed pursuant to the more general habeas corpus statute, 28 U.S.C. § 2241, in very limited circumstances. In pertinent part, § 2241 provides that the writ of habeas corpus is available to a petitioner who is *"in custody in violation of the Constitution or laws or treaties of the United States."* 28 U.S.C. § 2241(c)(3) (emphasis added). This language provides a state criminal defendant with a mechanism to challenge the legality of his pre-trial confinement in a federal habeas action by arguing that he should not be in custody because, for example: (1) his upcoming trial will violate his rights under the Double Jeopardy Clause, *see, e.g., United States ex rel. Webb v. Court of Common Pleas*, 516 F.2d 1034 (3d Cir. 1975); (2) he is being deprived of his constitutional right to a speedy trial, *see, e.g., Braden v. Judicial Circuit Court of Kentucky*, 410 U.S. 484, 492-93 (1973); or, (3) the trial court has unconstitutionally denied or revoked bail, *see, e.g., Atkins v. Michigan*, 644 F.2d 543, 550 (6th Cir. 1981). In all circumstances, the court's "jurisdiction must be exercised sparingly in order to prevent . . . 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 Fed. Appx. 3 (3d Cir. 2010) (quoting *Moore*, 515 F.2d at 445-46).

Importantly, state pre-trial detainees seeking federal habeas relief must first exhaust their state-court remedies. *Schandelmeier v. Cunningham*, 819 F.2d 52, 53 (3d Cir. 1986) ("The state court exhaustion requirement is mandated by statute under 28 U.S.C. § 2254(b) and has developed through decisional la . . . as to claims brought under 28 U.S.C. § 2241.") (citing *Braden*, 410 U.S. at 490-91); *Moore*, 515 F.2d at 442 (no distinction between § 2254 and § 2241 "insofar as the

3

exhaustion requirement is concerned"). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). *See also Parker v. Kelchner*, 429 F.3d 58, 61 (3d Cir. 2005) ("Exhaustion addresses federalism and comity concerns by affording the state courts a meaningful opportunity to consider allegations of legal error without interference from the federal judiciary.") (internal citations and quotations omitted). To that end, the United States Supreme Court has held that a petitioner must "invoke *one complete round of the State's established appellate review process*" to satisfy the exhaustion requirement. *O'Sullivan*, 526 U.S. at 845 (emphasis added). It is the petitioner's burden to demonstrate that he has done so. *See, e.g., Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997); *Coady*, 251 F.3d at 488.

In the instant case, it appears that Burley has not met this burden with respect to any of his claims. Courts have routinely held that pre-trial detainees "should pursue the remedies available in the state court action" through pre-trial motions and, if unsuccessful, through the state appellate process. A review of the documents submitted by Respondent, as well as the current state court docket, indicates that Petitioner has not filed any pre-trial motions with respect to his claims. Moreover, to the extent that he may have received an adverse decision that is not identifiable on the docket, there is no record to suggest that he has appealed that denial to the Superior Court. As such, Petitioner's claims have not been exhausted. *See, e.g., United States v. Addonizio*, 442 U.S. 178, 184 n. 10 (1979) ("the writ of habeas corpus should not do service for an appeal"); *Reese v. Warden Phila. FDC*, 904 F.3d 244 (3d Cir. 2018) (emphasizing that "[c]ourts have consistently refused to exercise their habeas authority in cases where federal prisoners have sought relief before standing trial.").

4

Where state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." *Younger v. Harris*, 401 U.S. 37 (1971); *Moore*, 515 F.2d at 447-48. *Younger* abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)). If the three *Younger* requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. *Id.* at 670 n.4 (citing *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." *Id.*; *Moore*, 515 F.2d at 448. *See also* Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Westlaw (database updated July 2020).

In the instant case, Petitioner is currently engaged in an ongoing state judicial proceeding as an active participant in his own defense in a state criminal prosecution. Those proceedings implicate the state's important interest in enforcing its own criminal laws. As discussed above, Petitioner can raise his constitutional claims in the context of his state criminal proceedings through pretrial motions and, if necessary, resort to the state appellate process. Granting his request for relief would plainly interfere with those proceedings. Thus, out of deference to the state judicial process, the Court must decline Petitioner's invitation to invalidate the criminal proceedings against him and abstain from entertaining his petition. *See, e.g., Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992) ("In no area of the law is the need for a federal

court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.").

Even if this were not the case, the only one of Petitioner's five claims that appears to be cognizable in a pre-trial § 2241 petition is his claim that he has not received a speedy trial. *Braden*, 410 U.S. at 492-93. As noted by Respondent, the record plainly indicates that the trial delays in Petitioner's underlying case almost all stem from his own attorney's requests for continuances. In addition, Petitioner has made no attempt to demonstrate that he asserted his right to a speedy trial in the state tribunal or has suffered any prejudice from the delay. *See Barker v. Wingo*, 407 U.S. 514 (1972) (factors to consider in determining whether an accused's right to a speedy trial has been violated include: 1) the length of the delay; 2) who is responsible for the delay; 3) whether the accused asserted his right to a speedy trial in the state tribunals; and 4) whether the delay caused prejudice). Each of these deficiencies is fatal to his request for relief.

IV.   Conclusion

For the foregoing reasons, Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is denied. And, because jurists of reason would not find this disposition to be debatable, a certificate of appealability is likewise denied.[3] Said denial is without prejudice to Petitioner's right to timely file another habeas petition (under either 28 U.S.C. § 2254 or § 2241, as the circumstances warrant) if he properly exhausts his available state-court remedies and satisfies any other applicable procedural prerequisites.

RICHARD A. LANZILLO
United States Magistrate Judge

Dated:  August 30, 2022

---

[3] *See, e.g., Reese v. Pennsylvania*, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (collecting cases for the proposition that the certificate of appealability requirement applies to Section 2241 petitions filed by state pre-trial detainees); *Moore v. Westmoreland County District Attorney's Office*, 2020 WL 6322817, at *1 n. 1 (W.D. Pa. Oct. 28, 2020) (same).